## CITY OF ANCHORAGE v. CAMPBELL.
### No. A–7380.

District Court, D. Alaska.
Third Division, Anchorage.
July 23, 1952.

608

Ralph E. Moody, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

Defendant is accused of violating Chapter 8, Sec. 502.3 of the Anchorage General Code which requires him to file a statement under oath listing all personal property at its just and fair value. For his failure to furnish such statement, defendant was arrested and required to deposit bail for the purpose of obtaining his release from imprisonment.

Defendant contends that the City of Anchorage has no authority to imprison the defendant for failure to furnish such a statement.

The Magistrate's Court for the City of Anchorage granted defendant's motion to dismiss and the case is now here on appeal for determination on the record, without the introduction of any further evidence.

It should be noted that this is not a proceeding to collect a tax, but rather an action against the defendant for failure to submit a list of his personal property for tax purposes. The omission complained of here is preliminary to the tax itself. To be sure this listing aids in the levy of a tax, but the act constituting the violation is not the non-payment of a tax, but non-listing of personal property—a different offense.

The point in issue is whether or not arrest and imprisonment may be resorted to to enforce an ordinance requiring defendant to list his personal property.

The remedies for enforcing tax *collection* are given in Sections 16–1–35(9), 16–1–114 and 16–1–115, ACLA 1949. To hold that violation of every duty imposed upon a taxpayer in the series of steps leading up to the actual payment of the tax could only be punished by one of these collection remedies, such as foreclosure, levy, distress and sale of the taxpayer's property would be impractical and without precedent. If a taxpayer listing his property under oath deliberately falsified his statement, would it be contended that the only remedy for deliber-

ate falsification was to collect the proper tax from his property? The remedies specified for collection in Sections 16–1–35(9), 16–1–114, and 16–1–115, ACLA 1949 were not intended to cover the case at bar any more than they were intended to cover the above example.

The Court finds that Sections 16–1–35(9), 16–1–112 and 16–1–111 give the City the power to enact this ordinance, and Section 16–1–35(12) ACLA 1949 provides the authority to prescribe its punishment, including fine and imprisonment.

Reversed.